UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 6, 2014

LETTER TO COUNSEL

RE:   *Yvonne Oliver v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3725

Dear Counsel:

On December 10, 2013, Plaintiff Yvonne Oliver petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 17, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion and GRANT Defendant's motion. This letter explains my rationale.

Ms. Oliver filed her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in December 2009. (Tr. 157–162). She alleged a disability onset date of July 19, 2007. (Tr. 157, 161). Her claims were denied initially and on reconsideration. (Tr. 105–11, 117–120). A hearing was held on March 2, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 42–99). Following the hearing, the ALJ determined that Ms. Oliver was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17–35). The Appeals Council denied Ms. Oliver's request for review, (Tr. 1–5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Oliver suffered from the severe impairments of "mild degenerative disc disease (DDD) of the lumbar spine; degenerative changes of the left acromioclavicular joint; minor degenerative changes of the left knee; keratoconus; obesity; diabetes mellitus; sleep apnea; and depression." (Tr. 22). Despite these impairments, the ALJ determined that Ms. Oliver retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she could occasionally perform close visual activities such as reading and computer use; she could frequently perform handling and fingering with the dominant left hand; she could occasionally climb ramps or stairs (never ladders, ropes or scaffolds), balance, stoop, kneel, crouch and crawl; she must avoid even moderate exposure to workplace hazards; she could carry out simple and routine tasks in 2-hour increments; she could have occasional interactions with co-

>   workers, supervisors and the general public; and she could adapt to simple changes in a routine work setting.

(Tr. 26).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Oliver could perform her past relevant work and other jobs existing in significant numbers in the national economy and that therefore she was not disabled.  (Tr. 33–34).

Ms. Oliver raises two arguments on appeal, both related to the ALJ's assessment of her RFC.  First, she claims that the ALJ failed to accord adequate weight to the opinions of her treating physicians.  Next, she contends that the ALJ improperly assessed her credibility.  Each argument lacks merit and is addressed below.

Ms. Oliver argues that the ALJ erred by assigning the opinions of Dr. McCoy and Dr. Freas, two of her treating physicians, limited and little weight, respectively.  Pl.'s Mem. 6–8; (Tr. 32).  The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig*, 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. §§ 404.1527 and 416.927.  *See Pitman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001).  When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

The ALJ assigned limited weight to Dr. McCoy's February 2012 medical assessment of Ms. Oliver's ability to do physical work-related activities, (Tr. 710–13), citing inconsistencies with her recommended course of treatment as well as lack of support from contemporaneous treatment records, objective medical findings, and activities of daily living.  (Tr. 32).  In support of his analysis, the ALJ cited Dr. McCoy's treatment records dated August 2011 to February 2012, which, as Ms. Oliver correctly notes, refer to her own statements about her pain symptoms and their limiting effects.  (Tr. 623–41, 678–700, 717–24).  However, those records contain no objective medical findings substantiating her statements or supporting Dr. McCoy's ultimate conclusions regarding the severity of her limitations.  The ALJ further supported her assignment by citing a report from another examining source stating that the "movements of all [of Ms. Oliver's] joints are full and free," that she "walked around like a normal person, did not have any difficulty in going up and down the table," and that "[h]er sitting, standing, walking, and lifting in the office was normal."  (Tr. 492–93).  I find that the ALJ's assignment of limited weight to Dr. McCoy's opinion was supported by substantial evidence and was in accordance with the proper legal standard.

The ALJ also assigned little weight to Dr. Freas's January 2012 medical assessment of Ms. Oliver's ability to do physical work-related activities, (Tr. 702–05), citing a lack of support from objective findings, treatment records, course of treatment, and Ms. Oliver's daily activities.  (Tr. 32).  Dr. Freas's conclusions regarding Ms. Oliver's limitations were based primarily upon her knee and back pain and her obesity.  The ALJ supported her assignment of little weight to Dr. Freas's assessment by citing, among other things, Dr. Freas's treatment notes, which

reference Ms. Oliver's back pain only sporadically. On multiple occasions, they actually state that Ms. Oliver denied experiencing back pain. *Compare* (Tr. 579 ("patient denies back pain")) and (Tr. 584 ("patient denies back pain)), *with* (Tr. 597 (describing back pain "associated with no known injury" as Ms. Oliver's chief complaint)). Moreover, the ALJ's assignment of little weight to Dr. Freas's assessment is supported by the fact that Dr. Freas primarily treated Ms. Oliver for hypertension, rather than the back and neck pain upon which his assessment was based. (Tr. 558–610). I find that the ALJ's assignment of little weight to Dr. Freas's opinion was supported by substantial evidence and was in accordance with the proper legal standard.

Moreover, the ALJ's evaluation of the assessments of Dr. McCoy and Dr. Freas regarding Ms. Oliver's ability to do physical work-related activities was simply one component of his overall RFC analysis. She also considered all of Ms. Oliver's treatment records, (Tr. 28–29), as well as the opinions of a State agency physician and an independent medical consultative examiner, (Tr. 31). The ALJ's assessment of Ms. Oliver's RFC was more limited than that recommended by the State agency physician and was largely consistent with the assessment of the independent examiner. (*Id.*). The ALJ's analysis of Ms. Oliver's RFC, then, was well supported by substantial evidence.

Ms. Oliver next argues that the ALJ improperly evaluated her credibility in her RFC analysis. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. The ALJ found that Ms. Oliver's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (Tr. 28). However, he discredited her claims regarding the extent of the intensity, persistence, and limiting effects of her symptoms, finding them inconsistent with the evidence of record. (*Id.*).

Ms. Oliver alleges that the ALJ improperly discounted her credibility based on her failure to pursue medical treatment, without considering her lack of medical insurance. Pl.'s Mem. 9–10. However, in her summary of Ms. Oliver's hearing testimony, the ALJ specifically noted that Ms. Oliver was unable to follow up on her physician's recommendation that she undergo an additional MRI due to insurance issues. (Tr. 27). The ALJ also noted that Ms. Oliver claimed she is unable to afford a C-pap machine to assist with her alleged sleep apnea impairment. (Id.). Contrary to Plaintiff's assertion, the ALJ plainly considered Ms. Oliver's explanation for her failure to pursue medical treatment. Moreover, the ALJ identified an abundance of other evidence undermining Ms. Oliver's credibility, including: her activities of daily living, (Tr. 30); the course of treatment recommended by her physicians, (Tr. 30); her work history, (Tr. 30–31); and the objective medical evidence and treatment records discussed above, (Tr. 28, 31–32). *See* 20 C.F.R. §§ 404.1529, 416.929 (explaining that the ALJ must consider all evidence of record in determining credibility); SSR 96–7P, 1996 WL 374168, at *4 (July 2, 1996) (same). I find that the ALJ's decision to discount Ms. Oliver's credibility was therefore supported by substantial evidence and in accordance with the proper legal standard.

      For the reasons set forth herein, Ms. Oliver's Motion for Summary Judgment (ECF No. 17) will be DENIED and Defendant's Motion for Summary Judgment (ECF No. 19) will be GRANTED. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge